**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL JESUS TORRES CORONADO,

*Petitioner*,

v. No. 1:26-cv-02218-SMD-GJF

WARDEN, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner, a citizen of Venezuela, entered the United States without inspection on July 26, 2023, and was released on recognizance in August 2023. On September 11, 2025, Petitioner was detained at an immigration check-in and released on October 1, 2025, after reinstatement of Temporary Protected Status ("TPS"). On January 8, 2026, Petitioner was detained by immigration officials and remains detained at Cibola County Correctional Center in New Mexico. On July 17, 2026, the immigration court denied bond after determining it lacked jurisdiction to conduct a bond hearing; after a second bond hearing on July 23, 2026, where the court exercised jurisdiction, Petitioner was again denied bond. *See* Docs. 1, 8, 9, 12.

Petitioner filed a prior petition for writ of habeas corpus in the Northern District of Texas (the "Texas Petition"). *See Torres-Coronado v. Bondi*, 6:26-cv-00055-H (N.D. Tex.). The earlier-

filed petition was denied on the grounds that Petitioner was an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). *See* Texas Petition, Doc. 11 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)).

Petitioner asserts that this ongoing detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 6, 13-14.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

### I. Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States over three years ago and was arrested in the interior of the country, § 1226 governs Petitioner's detention.

II. <u>The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights</u>

The Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. The Government's response does not contest any of the material assertions in the Petition and does not set forth any criminal history nor any failure to comply with conditions of release. *See* Doc. 9. Petitioner's time within the country following release creates a constitutionally protected interest that cannot be revoked without providing due process of law.

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Fifth Circuit precedent relied on by the Northern District of Texas in denying Petitioner's prior petition is not binding upon this Court. The Government acknowledges that *Santillan Quiroz*, however, is binding precedent and concedes that the facts of this case are not materially distinguishable from those in *Santillan Quiroz*. *See* Doc. 9 at 3-4. Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026).

That Petitioner has already been provided a bond hearing does not change the analysis because the Government's failure to lawfully revoke Petitioner's release invalidates the ongoing detention, as explained by another judge of this Court. *See Singh v. Noem*, 824 F. Supp. 3d 1197, 1215 (D.N.M. 2026) ("Petitioner's release is not warranted simply because he received a negative determination at his bond hearing; rather, release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated. The Court does not see how ordering another bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention.").

Numerous other courts across the country have reached the same conclusion. *See, e.g.*, *Farias Espinal v. Blanche*, No. 0:26-cv-03835-LMP-DTS, 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026) ("The Government suggests that it revoked Yandri's [order of release on recognizance] under 8 C.F.R. § 236.1(c)(9) by issuing the I-200 arrest warrant. Courts have thrown cold water on the suggestion that an I-200 arrest warrant, standing alone, serves as a valid method of revocation under 8 C.F.R. § 236.1(c)(9)."); *Lopez v. Cerna*, No. CIV-26-1387-J, 2026 WL 2334343, at *4 (W.D. Okla. Aug. 12, 2026), *report and recommendation adopted*, No. CIV-26-1387-J, 2026 WL 2589782 (W.D. Okla. Sept. 1, 2026) (collecting cases and finding that "Respondents' continuing due process violation requires Petitioner's immediate release subject to the same conditions as his earlier release"); *Velasquez Montillo v. Brooksby*, No. 4:26-cv-00018-DN-PK, 2026 WL 592355, at *8 (D. Utah Mar. 3, 2026) ("Federal Respondents released Mr. Velasquez in November 2021 under Section 1226. Mr. Velasquez is entitled to retain the legal protections under Section 1226(a) that Federal Respondents cannot erase by simply 'switching tracks.' Federal Respondents cannot identify any change in Mr. Velasquez's life that requires revocation of his conditional release. Mr. Velasquez must be released.").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment;
3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;
6) This Order resolves all pending motions (*see* Docs. 6, 8, 10, 13, 14);
7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**